Harold E. Koreman, J.
Petitioner seeks an order pursuant to subdivision 3 of CPLR 7803 declaring that section 90 of the General Municipal Law does not require a preauthorized plan to validly compensate her for overtime work allegedly performed. Following a hearing, respondent disapproved petitioner’s application for recalculation of her retirement benefit on the ground that a lump-sum award of $16,055 granted to her by her employer, Board of the School District of the City of Long Beach, was not authorized by section 90 of the General Municipal Law, and could not properly be included as a part of her final average salary for computation of her retirement allowance.
*1000 Under the undisputed facts petitioner was employed as business manager of the school district involved; on or about July 1, 1968 she was requested to perform certain services by the Board of Education, which weré' considered by her and by the Board of Education to be extraordinary in nature requiring work hours in excess of her normal working schedule. Petitioner continued to perform such services for four consecutive school years under an arrangement with the School Board that she would be fully compensated for such at the conclusion of the services and the projects. On February 14, 1972 petitioner filed an application for service retirement and did retire on March 31, 1972. Prior to her application for retirement, on February 8,1972, the Board of the School District adopted a resolution awarding petitioner $16,055 for 2,324 hours of employment in excess of her normal working hours schedule. The amount awarded was based on the personal records of petitioner filed in the office of School District Clerk, and the number of claimed overtime, hours for each school year, together with the monetary value of such overtime, totaling $16,055, were set forth in an affidavit furnished by petitioner to the School Board. Respondent refused to include this lump-sum payment in the computation of petitioner’s final average salary for retirement purposes. Petitioner has received $3,000 to $3,400 each year for the extra work referred to in the resolution of the School Board awarding her $16,055. Respondent’s decision states: “ It may be that the extra work took more time than the parties envisaged when they arrived at the annual payment of $3,000 to $3,400, but the system which the parties adopted leaves all of this to conjecture.”
The award to petitioner of $16,055 shall be regarded as salary or compensation for the purposes of the New York State Employees ’ Retirement System only if it was made in conformity with section 90 of the General Municipal Law. Expenditure of public funds is constitutionally prohibited in the absence of express statutory provision authorizing it. (N. Y. Const., art. VIII, § 1.) Section 90 of the General Municipal Law, the express statutory provision in this matter, must be strictly construed. (Hess v. Board of Educ. of Cent. School Dist. No. 1, 41 A D 2d 151 [3d Dept. ].) The language of the statute is clear and unambiguous in authorizing that overtime compensation paid public employees for hours worked in excess of their regularly established hours of employment (italics mine) shall be regarded as salary or compensation for any of the purposes of any pension or retirement system of which the employee is a member. The record before the court discloses that the School Board never established any regular hours of employment in the position *1001 held by petitioner. Under such circumstances it is difficult, if not impossible, to measure or determine “ overtime ” work performed by petitioner. Furthermore, as previously stated, petitioner received additional compensation for the “ extra work ” for which she alleges the lump-sum payment of $16,055 was intended. Considering the facts giving rise to this controversy vis-á-vis, the express provisions of section 90 of the General Municipal Law, and under a strict construction of the statute, it cannot be said that petitioner has established any right to compute her retirement allowance by using the lump sum award of $16,055 in arriving at her final average salary. The court does not pass upon any other issue.
Accordingly, the petition is dismissed.